For reasons previously stated, the appeal is ordered dismissed.

All concur.

STATE of Missouri, Plaintiff-Respondent,

v.

Calvin HANSEN, Defendant-Appellant.

No. 10142.

Missouri Court of Appeals, Springfield District.

Jan. 3, 1977.

John C. Danforth, Atty. Gen., Christopher R. Brewster, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Stephen P. Seigel, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Calvin Hansen was prosecuted for possession of burglar's tools in violation of § 560.115 RSMo 1969. A Polk County jury found him guilty and assessed punishment of two years and six months imprisonment. Allocution, sentence, and judgment followed denial of defendant's motion for a new trial. We reverse and discharge the defendant.

Officer Ontjes of the Bolivar police was driving his patrol car around the grounds of the Foremost milk plant in Bolivar about 3:00 a. m. on November 11, 1974. The plant property is not fenced and is lighted by security lights. Trucks belonging to the milk company were parked near the plant and a driveway ran seventy-five yards south from this area to Highway 32.

The officer had initially approached the plant from the north. He then drove along the east side of the building and when he approached the area where the trucks were parked he saw a man, identified by him as the defendant, near the vehicles. "I don't know whether he was standing or walking, but he was by the trucks," the officer testified, and he "really couldn't say" what the man was doing.

Upon seeing the approaching patrol car, the defendant ran south down the driveway, followed by Officer Ontjes in his vehicle. The defendant ran across Highway 32 and into a field. The officer, keeping the defendant in sight at all times, stopped the police car in the middle of the highway and went into the field with his pistol drawn. Officer Ontjes was some fifty to seventy-five feet behind the defendant when he called out that he would shoot if the latter did not halt. The defendant fell to the ground. The officer could not see the defendant because of the high grass so he returned to his car to obtain his flashlight. After getting his light, Officer Ontjes went back into the field where he found the defendant lying in the grass. The officer placed the defendant under arrest but voiced no reason at the time for such action. He testified he arrested the defendant "on suspicion of burglary."

Following his arrest of the defendant and while they were in the field, the officer searched his prisoner for weapons but found none. He then took the defendant to the county jail where the defendant, at the officer's request, emptied his pockets. Defendant had in his possession a penlight flashlight, a standard pocket knife, a drawstring cloth sack, and a pocket knife of ordinary size which had a broken blade. These items were seized by the authorities.

Defendant was lodged in jail and because it was still dark, Officer Ontjes resumed his night patrol and did not then return to the Foremost plant to investigate the suspicioned burglary. About 7:00 a. m. he went to the plant to investigate. He found no signs or evidence of burglary, attempted burglary, or tampering with the company's trucks. He also searched the field where he had apprehended the defendant but found nothing. However, in the driveway, along the route defendant ran, and about twenty to thirty feet from where he had first seen the defendant, he found a Phillips screwdriver and a pair of pliers. There was nothing unusual about either the pliers or screwdriver, according to the officer, and he had no idea how they got onto the driveway or whom they belonged to.

The defendant was charged under § 560.-115 which is as follows:

"Any person who makes, mends, designs or sets up, or who has in his custody

or concealed about his person any tool, false key, lock pick, bit, nippers, fuse, force screw, punch, drill, jimmy, bit, or any material implement, instrument, or other mechanical device whatsoever, adapted, designed, or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, or door, shutter or window of a building of any kind, shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than two years, nor more than ten years."

The pertinent portion of the information upon which the defendant was put to trial reads as follows: " . . . did wilfully, unlawfully and feloniously have in his possession (or under his control) certain articles, to-wit: One pocket knife, one screwdriver, one pair of pliers, one pocket knife with modified blades, one draw string cloth sack and one penlight flashlight, being then and there material implements and mechanical devices adapted, designed and commonly used for breaking into a warehouse, store, shop or office building."

At trial, defendant objected that the two pocket knives, the sack, and the flashlight were not burglar's tools and that there was a lack of evidence concerning his custody or possession of the screwdriver and pliers. All of these items, however, were received into evidence and opined by Officer Ontjes, over objections, to be burglar's tools.

█ In this appeal the defendant has advanced seven assignments of error, including the insufficiency of the evidence to support the jury's verdict. Because we are of the opinion that the state failed to adduce sufficient evidence of each of the necessary elements to constitute the crime of possession of burglar's tools, we need not consider defendant's remaining assignments. In our view the sack and the flashlight are not burglar's tools within the meaning of the statute and decisions of our supreme court, and we question whether

the two pocket knives are such.[1] The evidence falls far short of linking the custody, control, or possession of the pliers and screwdriver to the defendant. Additionally, there was no evidence of *burglarious intent,* and without this vital element there can be no valid conviction under § 560.115.

█ The leading case in this state on the construction and interpretation of § 560.115 RSMo 1969, is *State v. Hefflin,* 338 Mo. 236, 89 S.W.2d 938 (1935), 103 A.L.R. 1301. The court ruled that the tools and devices mentioned in the statute meant breaking tools and consequently a "peep" flashlight, blackjack, and revolver were not burglar's tools within the meaning of the statute even though such items were commonly carried by burglars. 338 Mo. at 244–246, 89 S.W.2d at 942–944. The court, recognizing that the tools and devices referred to by the statute could well be possessed for innocent purposes as well as burglarious activities, held that a criminal intent must be demonstrated in a prosecution under the statute before a conviction could be sustained. On this point the court concluded: "[W]e think there is enough in our statute to justify us in holding it means the tools and implements referred to therein must be made, mended, possessed, etc., by the accused with the general intent that they shall be used for a burglarious purpose." 338 Mo. at 247–249, 89 S.W.2d at 945.

In *Hefflin* evidence that a few hours prior to the defendant's arrest he and a companion had held up a cafe, taking five slot machines therefrom, was held competent and admissible on the issue of the intent accompanying defendant's possession of screwdrivers and crowbars at the time of his arrest. 338 Mo. at 250, 89 S.W.2d at 946. Later decisions have recognized the necessity of proof of burglarious intent in a prosecution under the statute. Evidence that defendant was a known thief or burglar, an associate or reputed accomplice of burglars, or had prior criminal convictions has been held admissible as bearing on the

1. Because we hold infra that there was no proof of the necessary element of burglarious intent, we find it unnecessary to decide whether the pocket knives are burglar's tools.

intent with which the defendant possessed the tools.[2]

Here, we start with the proposition that the penlight and cloth sack are not breaking tools. We assume, without deciding, the two pocket knives could constitute breaking tools. We are next confronted with the fact that although the officer had the defendant in sight at all times, according to the testimony, there was no evidence of defendant's possession of the Phillips screwdriver or the pliers which were found in the driveway of the plant several hours later. Nevertheless, if we assume, as does the state in its brief, defendant had possessed these items when spotted by the officer, there still remains the lack of evidence to demonstrate that the defendant possessed the various items with the requisite burglarious or criminal intent. If he had prior arrests or convictions, was an associate of burglars and thieves, or was himself a burglar or thief, such evidence is not contained in the record before us. The state's evidence negated any attempt to burglarize the plant or tamper with the trucks. Defendant was not in possession of recently stolen property. In short, there is no evidence to support the necessary element that the items found on the defendant or attributed to his possession were possessed by him with a burglarious or criminal intent. Suspicion founded upon assumptions does not supply the needed element.

The judgment is reversed and the defendant ordered discharged.

All concur.

---

2. *State v. Medley,* 360 Mo. 1032, 232 S.W.2d 519 (Mo.1950), *cert. denied,* 340 U.S. 956, 71 S.Ct. 568, 95 L.Ed. 689 (1951) (prior arrests and convictions); *State v. Lorts,* 269 S.W.2d 88 (Mo.1954) (accomplices associates of burglars and recently stolen safe); *State v. Crouch,* 353 S.W.2d 597 (Mo.1962) (other paraphernalia commonly used by burglars); *State v. Watson,* 386 S.W.2d 24 (Mo.1964), *appeal dismissed,* 381 U.S. 275, 85 S.Ct. 458, 14 L.Ed.2d 431 (1965) (conviction for bank robbery and reputation of defendant and accomplices as burglars); *State v. Caffey,* 436 S.W.2d 1 (Mo.1969) (reputation as burglar); *State v. Wing,* 455 S.W.2d 457 (Mo.1970), *cert. denied,* 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971) (prior burglary convictions and known bank burglar); *State v. Mick,* 506 S.W.2d 35 (Mo.App.1974) (wanted for investigation of burglary).