**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Terry MINTNER, Defendant-Appellant.**

No. 12678.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 30, 1982.

John D. Ashcroft, Atty. Gen., Margaret Jones, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Therese A. Schellhammer, Little, Million, Terando, Clarkson & Associates, P.C., Poplar Bluff, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of possession of burglar's tools, § 569.180, RSMo 1978, and sentenced to one year in the county jail. He contends (1) that the evidence was insufficient to support the conviction because there was no direct evidence that he was in possession of a burglar's tool and the circumstantial evidence was insufficient to show possession, and (2) that the submission instruction omitted a necessary finding.

To convict for possession of burglar's tools, the state must show that the defendant had possession in the legal sense, but need not prove physical possession, or that the tools were taken from the person of the accused. 12A C.J.S. Burglary, § 48, p. 249. Either actual or constructive possession of burglar's tools satisfies the statute, and possession upon the person is not necessary unless expressly required by statute. Id. Missouri's statute has no such requirement. Joint possession of burglar's tools is a sufficient showing of possession. See State v. Emery, 610 S.W.2d 698, 700–701 (Mo.App.1980); 12A C.J.S. Burglary § 48, p. 249.

In determining if a submissible case against defendant was made, the evidence and all reasonable inferences from it must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded. State v. Buffington, 588 S.W.2d 512, 514 (Mo.App. 1979). Where the state's case is wholly circumstantial the circumstances must be such as to exclude any reasonable hypothesis of innocence but need not demonstrate an absolute impossibility of innocence. State v. Saffold, 639 S.W.2d 243, 246 (Mo. App.1982).

The evidence showed the following. At approximately 11:55 p.m. on Sunday, April 5, 1981, a uniformed member of the highway patrol saw Gary Sutton walking south in an alley toward the back of a hardware store in Piedmont, Missouri. Sutton has a reputation as a burglar. With the trooper was another trooper and a Piedmont police officer. The troopers got in a car, circled around the block and pulled up behind the hardware store with their vehicle's headlights shining on what they referred to as a "cubby hole", a small area between the back of the hardware store and the back of two other buildings. The hardware store makes two walls of the cubby hole, the south and the west wall. Other buildings are to the north and east. The entrance to the cubby hole area is at the northwest corner of the area and approximately two to two and one-half feet wide.

The troopers walked to the entrance and saw Gary Sutton and defendant. Sutton was squatting near the back door of the hardware store and defendant was leaning against the south wall facing north. Sutton was told to stand up and when he did the troopers saw a pistol lying on the ground beside where he had been squatting. The pistol was loaded and its safety was in the off position. A crescent wrench was in the waistband of Sutton's pants. Within defendant's reach, partially under a barrel about three feet to his left, was a bolt cutter lying with the jaws facing the opening of the cubby hole. Some of the back doors opening off the cubby hole have dead bolts and some have padlocks. The officers testified that bolt cutters can be and often

are used to cut padlocks. Defendant associates with Sutton and another "known burglar". Defendant was not with Sutton when Sutton was seen going into the alley.

Defendant was charged with having possession of a burglar's tool, the bolt cutter. He contends that the evidence did not show that he ever had possession of it. Defendant relies in part upon the holding in *State v. Hansen*, 545 S.W.2d 713, 715 (Mo.App. 1977), which stated that the evidence fell short of linking possession of pliers and a screwdriver to the defendant. The facts there are much different than here. There the pliers and screwdriver were found four hours after defendant was arrested, along a route that he ran earlier. Here, the bolt cutter was in reach of the defendant when arrested. Nor were there circumstances there, as here, which indicate an intention to use the tool to break into a building.

Sutton and defendant were not together when Sutton was seen going toward the back of the buildings. They were associates and it is highly unlikely that they met there by chance. The time, place, and the reputation of Sutton indicate that they intended to break into one of the buildings forming the "cubby hole". If so, it is logical to assume that they might bring tools to do so. The evidence showed that the bolt cutter could be used to cut padlocks and that some of the back doors were secured by padlocks. The only other explanation for the location of the bolt cutter is that it was there when defendant and Sutton arrived. While that is possible, under the circumstances here present, we think it is improbable.

■ A person would not ordinarily put such a tool under a barrel or sit a barrel on it. The proprietors and employees of the businesses, had they observed the bolt cutter, which they would have likely done if it had been there the day before, would not be expected to leave it at the rear of their business when it could be used to gain entry to their buildings. An examination of the bolt cutter reveals that it is not new as would be bolt cutters sold in the hardware store. Under these facts it is reasonable to assume that Sutton and defendant brought the bolt cutter with them to aid them in entering one of the buildings and when the officers approached attempted to hide it. There is no other logical explanation as to why the bolt cutter was there. The circumstances were such that the jury could find that they excluded any reasonable hypothesis of innocence and thus the evidence was sufficient to show that defendant had possession of the bolt cutter for the purpose condemned by § 569.180, RSMo 1978. Point one is denied.

■ Defendant's second point contends that the submission instruction was erroneous because it did not follow the language of § 569.180, RSMo 1978, and submit whether the bolt cutter was a tool "adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises". There was uncontroverted evidence that bolt cutters could be and are used as a burglar's tools. Courts have recognized that bolt cutters can constitute burglar's tools. See *State v. Shore*, 10 N.C.App. 75, 178 S.E.2d 22, 24–25 (1970), cert. den'd. 278 N.C. 105, 179 S.E.2d 453 (1971); *People v. Vasquez*, 85 Misc.2d 851, 381 N.Y.S.2d 388 (1976). The principal issue disputed at the trial was whether defendant had possession of the bolt cutter. Because it was an undisputed and obvious fact that bolt cutters could be adapted for and used as a burglar's tool, defendant could not have been prejudiced by the omission claimed. Moreover, the instruction followed MAI–CR2d, 23.54, and that form does not require the finding deemed lacking by defendant. It was the instruction required to be given under MAI–CR2d and this court is powerless to declare erroneous a pattern criminal instruction contained in MAI–CR2d if its use was required. *State v. Farmer*, 612 S.W.2d 441, 445 (Mo.App.1981). Point two is denied.

The judgment is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.