**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Percy Lewis LAKE,
Defendant-Appellant.**

No. 48336.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

James S. McKay, Asst. Sp. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Robert P. McCulloch, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a conviction of possession of burglar tools. The appeal involves three questions. First, whether the trial court erred in allowing the use of appellant's prior convictions in the state's case-in-chief. Second, whether the trial court erred in allowing the use of the co-defendant's prior convictions and arrests. Third, whether the state's evidence was insufficient. We reverse.

The evidence adduced at trial showed that at approximately 1:00 a.m. on July 14, 1983, Ms. Jackie Kremer, a resident of the Sierra Vista apartment complex, observed a van parked in the cul de sac outside her building. Ms. Kremer observed a man get out of the van and walk around the side of her building. She summoned the police once the man disappeared from her sight. After the call, the man returned to the van. The police arrived a few minutes later.

Officer Lawrence O'Toole of the St. Louis County Police was the first to respond to the call. Upon arrival, Officer O'Toole approached the van and asked appellant and a second man, James Graham, for identification. A record check revealed that there was a warrant for burglary out on Graham.

A subsequent search of the van was conducted. Among the things found in the van were a pry bar, screwdrivers, gloves, a flashlight, a wire tester and several tire tools. A search was conducted of the area but there was no indication that a burglary had occurred or had been attempted.

At trial, appellant testified that he had been at his brother's house in the City of St. Louis when Graham arrived and asked him to drive him to St. Louis County because Graham had no driver's license. Appellant agreed. During their travels, the two got lost and headed into Riaza Square. The van was running hot so appellant pulled to the end of the cul de sac and parked. Graham left the van and returned without informing appellant why he left or where he went. The police arrived shortly thereafter.

In disposing of this appeal, we need only address appellant's third contention that the state's evidence was insufficient to sustain the conviction of possession of burglar's tools. Specifically, the state has failed to prove that appellant had the intent to use these tools for such unlawful purposes.

Section 569.180, RSMo 1978 defines the crime of possession of burglar's tools as follows:

A person commits the crime of possession of burglar's tools if he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, with a purpose to use or knowledge that some person has the purpose of using the same in making an unlawful forcible entry into a building or inhabitable structure or a room thereof.

Thus, the state was required to prove that (1) appellant was in possession of the tools found in the van driven by him, (2) these tools were the type "adapted, designed or commonly used" in burglary related offenses; and (3) appellant had either the intent to use these tools for such unlawful purposes or the knowledge that his co-defendant would put the tools to such use. We quickly dispose of the first two elements.

First, in order to convict appellant of possession of burglar's tools, the state must establish that appellant had legal possession. The state is not required to prove physical possession or that the tools were actually taken from the person by the ac-

cused. *State v. Mintner,* 643 S.W.2d 289, 290 (Mo.App.1982). Joint possession of burglar's tools is sufficient to prove possession. *State v. Emery,* 610 S.W.2d 698 (Mo. App.1980).

 In the case at bar, the jury could conclude that appellant had possession of the tools. The tools were on the floor of the van and were highly visible. They were not concealed in any fashion.

As to the second element, the state must prove that the tools were "adapted, designed or commonly used for committing or facilitating offenses involving forcible entry." This element poses no problem. It is immaterial that tools were designed and adapted for lawful uses. The second element is met so long as the tools are suitable for illegal purposes. *State v. Hefflin,* 89 S.W.2d 938, 942–3 (Mo.1936). Appellant possessed various pry bars and wire cutters. These tools while legitimate in and by themselves, can also be adapted for illegitimate use. That is the reason the legislature included the third element that appellant have the intent to use the tools for a burglarious purpose. This is also where the state has failed to meet its burden of proof.

We note that there is no need to prove a burglary in order to prove the unlawful possession of burglar's tools. *State v. Lewis,* 599 S.W.2d 94 (Mo.App. 1980). Additionally, the intent for use of the tools does not relate to any particular time or place but only to an unlawful purpose. *State v. Wing,* 455 S.W.2d 457 (Mo. 1970). However, the evidence taken in light most favorable to the state still fails to support the jury's finding of an unlawful purpose. At best, the evidence indicated that at 1:15 in the morning appellant was in a neighborhood in which he did not live, sitting in a van which contained tools which could be used in the course of a burglary. This court refuses to adopt the presumption that a convicted felon possessing automotive repair tools has the intent to commit a burglary. The only additional evidence offered by the state to prove appellant's intent was Graham's exit from the vehicle. There was no evidence detailing Graham's actions except for Jackie Kremer's testimony that Graham walked along side her apartment. This evidence is insufficient to support the conviction.

Therefore, we reverse and vacate the judgment and sentence.

GAERTNER and KAROHL, JJ., concur.