STATE of Missouri, Plaintiff–Respondent,

v.

George Lee VERNOR, Defendant–Appellant.

No. 53107.

Missouri Court of Appeals, Eastern District, Division One.

May 31, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied Sept. 13, 1988.

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by the court of possession of burglar's tools and sen-

tenced as a persistent offender to a term of eight years' imprisonment. He appeals; we affirm.

Because defendant challenges the sufficiency of the evidence to find him guilty, we recite pertinent facts favorable to the state. On October 15, 1985, at about 2:15 a.m., St. Louis County Police Officer Jerome Paszkiewicz was driving his marked patrol car east on Olive Street Road in an unincorporated part of the county when he observed defendant, some 20 yards away, in front of a retail store holding a sledge hammer over his head. Defendant was standing about three feet from a large plate glass window, holding the sledge hammer "as if ready to strike [the window]." There was an "overhang" in front of the store and the exterior lights were on. About 10 feet from defendant on the parking lot was a station wagon; a second man was standing next to the station wagon. As Officer Paszkiewicz turned into the parking lot, defendant ran to the station wagon, threw the sledge hammer into the rear compartment, and got into the driver's seat. The other man also got into the vehicle. Defendant drove off, traveling east on Olive, and Paszkiewicz followed. After following the station wagon about two miles, Paszkiewicz stopped the vehicle, arrested both men, and observed the sledge hammer in the rear compartment of the station wagon partially covered with a bedsheet. The sledge hammer and sheet were seized by Crime Scene Detective Dallas McDowell who testified that he had 23 years experience as a police officer, that he performed about 25 crime scene investigations a month, and "I have had numerous occasions where sledge hammers were used to break down doors or window frames in the entry of a building."

Prior to trial, the court found defendant to be a persistent offender based on convictions for first degree robbery, burglary, and stealing $150.00 or more. Defendant waived a jury trial and was found guilty by the court. On appeal, he contends the evidence was not sufficient "to establish the necessary mental state of possessing burglar's tools for the purpose of using them in an unlawful forcible entry...."

When a criminal defendant waives trial by jury, the findings of the court have the force and effect of a jury verdict. Appellate review of the trial court's findings is in the same manner as a review of a jury verdict. Thus, we will affirm the finding if it is supported by substantial evidence. In determining whether there was substantial evidence, we accept as true all evidence and all inferences drawn therefrom which are favorable to the decision; we disregard all evidence and inferences to the contrary. *State v. Blount*, 734 S.W.2d 309, 310 (Mo. App.1987).

Section 569.180, RSMo 1986, defines the crime of possession of burglar's tools as follows:

1. A person commits the crime of possession of burglar's tools if he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, with a purpose to use or knowledge that some person has the purpose of using the same in making an unlawful forcible entry into a building or inhabitable structure or a room thereof.

Thus, to convict defendant of possession of burglar's tools, the state had to prove he had possession of the sledge hammer, that the sledgehammer was of a type adapted, designed, or commonly used for offenses involving forcible entry, and that he had the intent to use the sledge hammer for unlawful forcible entry. *State v. Lake*, 686 S.W.2d 19, 20 (Mo.App.1984).

Defendant virtually admits he possessed the sledge hammer and that a sledge hammer could be used to forcibly enter a building. There was ample evidence on each score; Officer Paszkiewicz testified about defendant's possession, and Detective McDowell testified about the common use of sledge hammers to break into buildings. Defendant contends, however, that "[t]he state's proof fell short ... in establishing an unlawful purpose...." We disagree.

Defendant was seen, at 2:15 a.m., standing three feet in front of a retail store plate glass window holding a sledge hammer

over his head "as if ready to strike" the window. We believe this alone is sufficient circumstantial evidence of his purpose to use the sledge hammer to make an unlawful forcible entry into the building.

In addition, the court had before it evidence of defendant's prior convictions for robbery, burglary, and stealing. All are relevant to the issue of defendant's intent. *State v. Russ*, 602 S.W.2d 485, 487 (Mo. App.1980). Defendant's flight upon the approach of officer Paszkiewicz is evidence of his consciousness of guilt. *State v. Rodden*, 728 S.W.2d 212, 219 (Mo. banc 1987).

We believe there was substantial evidence of defendant's purpose to use the sledge hammer to forcibly enter the store.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.