**STATE of Missouri, Respondent,**

v.

**Brad C. MILLS, Appellant.**

**No. ED 95739.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 15, 2011.

motion. Illegality is not among those defenses listed.

Maleaner Harvey, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., John M. Reeves, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

Brad C. Mills (Mills) appeals from a sentence and judgment of conviction for possession of burglar's tools. He asserts that there was insufficient evidence to support the conviction. We affirm.

*Background*

Mills was charged as a prior and persistent offender with the class C felony of burglary in the second degree (Count I) and the class D felony of possession of burglar's tools (Count II). The evidence at the 2010 jury trial showed the following.

On March 19, 2010 at 6:00 a.m., Police Officers Sarah Mesnage and Joshua Witcik received a dispatch call reporting a burglary in progress in apartment M at 7850 North Broadway, St. Louis, Missouri. When they approached apartment M, the Officers observed pry marks on the lock area of the front door which was slightly open and they heard numerous thumping noises like somebody was dropping something coming from inside the apartment. When they opened the door, the Officers saw Mills squatting in the bathroom, facing the sink. They detained Mills.

When Officer Mesnage searched the apartment, she discovered a large hole under the sink in the bathroom with copper piping sticking out; Mills had been facing the sink and this hole when the officers first observed him. There was copper piping and plaster on the floor. Underneath the sink area in the bathroom, Officer Mesnage seized a hammer and a crowbar which had been right in front of Mills. Officer Mesnage also seized a backpack containing pliers, a box cutter, wire cutters, a flathead screwdriver, a flashlight, gloves, and a leveler from the floor in the bathroom. Officer Mesnage testified that in her experience, the tools found in the backpack and on the floor were commonly

used in burglaries. An employee of the St. Louis Development Corporation (SLDC) testified that SLDC owned and maintained the apartment complex located at 7850 North Broadway, and that although apartment M was listed as occupied, she did not know the names of the occupants. She had no knowledge that Mills had permission to be inside apartment M.

Mills filed a motion for acquittal at the close of the State's evidence, arguing the State failed to prove that Mills did not have permission to be in apartment M. The trial court sustained the motion as to Count I and denied it as to Count II. Mills did not testify on his own behalf, but his counsel argued that there was no evidence linking Mills to the tools. Specifically, no witness saw Mills holding the tools inside the apartment or using them to gain entry to the apartment; moreover, the tools could be used for many purposes other than burglary. The jury returned a verdict of guilty on Count II.

Mills filed a motion for judgment of acquittal notwithstanding the jury's verdict, asserting, as relevant for appeal, that there was no evidence that Mills possessed the tools with the purpose of making an unlawful forcible entry, in that there was no evidence Mills made an unlawful entry or did not have permission to be in the apartment. The trial court denied the motion stating that although "it was not clearly established as to whether or not [Mills] was granted permission to be inside," the jury could "certainly infer from the evidence that [Mills] did, in fact, pry open the door and enter forcibly"; and thus "was in possession of tools with the purpose to commit an unlawful forcible entry." The trial court sentenced Mills to five years imprisonment in the Missouri Department of Corrections on Count II. This appeal follows.

*Standard of Review*

We review challenges to sufficiency of the evidence supporting a criminal conviction for whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of all the essential elements of the crime. *State v. Gibbs,* 306 S.W.3d 178, 181 (Mo.App. E.D.2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. *Id.*

*Discussion*

In his sole point on appeal, Mills argues that the trial court erred in denying his motion for judgment of acquittal at the close of evidence, because the State's evidence was insufficient to support a finding of guilt beyond a reasonable doubt that the tools found in the bathroom were in Mills' custody, control, or possession, or that Mills possessed the tools with the purpose to use them to make unlawful forcible entry into a building. We disagree.

A person commits the class D felony of possession of burglar's tools if he "[1] possesses any tool, instrument or other article, [2] adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, [3] with a purpose to use ... the same in making an unlawful forcible entry into a building or inhabitable structure or a room thereof." Section 569.180, RSMo. (2000); *see also State v. Vernon,* 337 S.W.3d 88, 92 (Mo.App. W.D.2011).

For the first element, Mills asserts that there was no evidence linking him to the tools on the floor or in the backpack. To convict for possession of burglar's tools, the State must show either actual or constructive possession. *State v. Mintner,* 643 S.W.2d 289, 290 (Mo.App. S.D.1982). Here, when the Officers ap-

proached apartment M after receiving a burglary-in-progress report, they heard numerous thumping noises like somebody was dropping something coming from inside apartment. When they first opened the door, the Officers saw Mills squatting in the bathroom, facing the sink where there was a large hole with copper piping sticking out. There was copper piping and plaster on the floor. Underneath the sink area in the bathroom, Officer Mesnage seized a hammer and a crowbar which had been right in front of Mills. Officer Mesnage also seized a backpack containing pliers, a box cutter, wire cutters, a flathead screwdriver, a flashlight, gloves, and a leveler from the floor in the bathroom. The Officers found no one else in the apartment. A jury could easily infer from the thumping noises and where the tools were located that Mills himself was using them just before the Officers entered. These facts are sufficient for a reasonable jury to find that Mills had constructive possession of the burglar's tools, even though the tools were not found on his person. *Gibbs*, 306 S.W.3d at 181; *Mintner*, 643 S.W.2d at 290.

Regarding the second element, Mills does not challenge that the tools found had the adaptability, design, or common use for committing or facilitating offenses involving forcible entry into premises, as required under Section 569.180.

 The third element of the charge requires that Mills intended to use the tools to make a forcible entry into a building or inhabitable structure. Mills argues there was no evidence that he intended to use the tools to make an unlawful forcible entry into the apartment, in that the trial court had specifically found the State failed to meet its burden to prove Mills did not have permission to be in apartment M. In order to be found guilty of possession of burglar's tools, it is not necessary that a

defendant also be found guilty of burglary. *Mintner*, 643 S.W.2d at 290–91 (where circumstances indicated that defendant was breaking into building, fact that he was discovered within arm's reach of bolt cutter was sufficient to prove possession of burglar's tools, even though defendant was not charged with burglary). Rather, a jury may look to the circumstance and may infer a defendant's intent from the facts surrounding the act. *State v. Oliver*, 293 S.W.3d 437, 446 (Mo. banc 2009) (intent is often determined by circumstances and may be inferred from the surrounding facts or the act itself); *Vernon*, 337 S.W.3d at 92–93 (sufficient evidence existed to support third element of possession of burglar's tools, although no one witnessed Vernon enter or leave burglarized house, when circumstances revealed that neighbors reported burglary, police discovered Vernon just outside burglarized house, and inside house copper piping was exposed through hole in bathroom).

Here, the neighbors had reported a burglary, there were pry marks on the front door, and Mills was discovered kneeling in front of the bathroom sink where someone had been removing copper piping. *Vernon*, 337 S.W.3d at 92–93. Although the trial court granted Mills' motion for acquittal on the burglary charge, the jury found that Mills intended to use the tools he possessed as burglar's tools, and to make forcible entry into a building or inhabitable structure. We will not act as a "super juror" but will defer to the trier of fact. Evidence and inferences supporting the verdict are taken as true and adverse inferences are disregarded. *Gibbs*, 306 S.W.3d at 181.

 Moreover, Mills' contention that the pry marks on the front door "could not be considered" is unavailing. As a general rule, evidence of other crimes, wrongs or acts is admissible if it is logically and

legally relevant, in that it tends to establish a defendant's guilt, and its probative value outweighs any prejudice. *State v. Speaks*, 298 S.W.3d 70, 81 (Mo.App. E.D. 2009). While the trial court may have found that the State failed to prove that no one had given Mills permission to enter apartment M with respect to the burglary charge, the pry marks on the door were still relevant to the issue of whether he possessed the tools with the intention to use them to forcibly enter the apartment. Given the circumstances of the acquittal on one of multiple charges, the jury was free to assign whatever weight to the pry-mark evidence it deemed appropriate. *Vernon*, 337 S.W.3d at 94–95 (inconsistencies or gaps in evidence go to weight not admissibility of evidence).

Point denied.

### Conclusion

The sentence and judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.