**STATE of Missouri, Respondent,**

v.

**Randy Lee GIBBS, Appellant.**

No. ED 92690.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 2010.

Gwenda Renee Robinson, Missouri Public Defender Office, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Jamie Pamela Rasmussen, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Randy Gibbs (Defendant) appeals from the judgment entered by the Circuit Court of the City of St. Louis, following his conviction by jury of second degree burglary, in violation of Section 569.170 RSMo 2000[1], and felony resisting arrest, in violation of Section 575.150. Finding Defendant to be a prior and persistent offender as defined in Section 558.016, the trial court sentenced Defendant to consecutive terms of imprisonment of fifteen years for burglary and five years for resisting arrest. We affirm Defendant's conviction and his sentence, but we remand to the trial court to correct the clerical mistake regarding Defendant's status as a prior and persistent offender.

## Background

On August 8, 2006, the State of Missouri (State) charged Defendant by indictment with four charges in connection with his alleged actions on July 11, 2006. In Count I, the State averred that Defendant committed the class C felony of burglary when he unlawfully entered a residence on Arsenal Street (Arsenal residence) for the purpose of committing stealing therein. In Count II, the State averred that Defendant committed the class D felony of resisting arrest by fleeing from officers. In Count III, the State averred that Defendant committed the class A misdemeanor of stealing when he appropriated property from the Arsenal residence without the consent of the owner and with the purpose to deprive the owner of the property. In Count IV, the State averred that Defendant committed the class B misdemeanor of trespass when he knowingly and unlawfully entered a second residence, on Texas Street, where he was apprehended. The State dismissed Count IV and tried Defendant on Counts I, II, and III before a jury from July 22–24, 2008.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial: On July 11, 2006, two St. Louis City police officers responded to a dispatch that a door was open at the Arsenal residence. Upon arrival the officers found an open back door and pry marks on the door and frame. When the officers went upstairs, they found Defendant rummaging through the drawers of a dresser and saw a cash register sitting on top of the dresser. The officers told Defendant that he was under arrest. Defendant then

---

1. Unless otherwise noted, all further statutory references are to RSMo 2000.

ran down the steps and out the front door. The responding officers lost sight of Defendant at that time.

A few minutes later, another patrol officer saw a man matching Defendant's description in a building a few blocks away. The officers who had first attempted to arrest Defendant confirmed that this was the same man they had seen at the Arsenal residence. As they placed handcuffs on Defendant, but before he was read his *Miranda*[2] rights, Defendant stated that "he didn't steal anything, that he just went into the building to get high." After arresting Defendant the officers found the Arsenal resident's keys in a stairwell at the Texas Street apartment building. When the police later questioned Defendant at the St. Louis City Justice Center, Defendant refused a *Miranda* waiver form and told police something along the lines of "you didn't try to catch those other motherf——s. What, do you think I stole all this stuff by myself?"

At trial, the Arsenal resident testified that she did not know Defendant and had not given him permission to be in the home. Defendant denied ever being at the Arsenal residence. Defendant further stated that he ran inside the Texas apartment building where he was eventually apprehended because he thought the police had seen him purchase crack cocaine. On cross-examination, Defendant admitted that he was convicted of three prior felonies in 1991, 2001, and 2005. Before the case was submitted to the jury, the trial court found that defendant was a prior and persistent offender.

On July 24, 2008, a jury acquitted Defendant of stealing, but convicted him of second degree burglary and felony resisting arrest. On January 20, 2009, Defendant was sentenced to consecutive terms of imprisonment of fifteen years for burglary and five years for resisting arrest.

Defendant filed his Notice of Appeal on March 31, 2009. This appeal follows.

## Points on Appeal

Defendant raises three points on appeal. Defendant's first point challenges the sufficiency of the evidence to sustain his second degree burglary conviction. In particular, Defendant alleges the State failed to prove beyond a reasonable doubt that he entered the Arsenal residence for the purpose of committing the crime of stealing. In his second point on appeal, Defendant states that the trial court erred by entering a sentence and judgment reflecting that he was a prior and persistent drug offender. In his third point on appeal, Defendant alleges that the trial court erred in finding that he was a prior and persistent offender because the State did not establish sufficient facts to show that the offences which formed the basis of the prior and persistent offender allegation were committed at different times, and that Defendant was represented by counsel at his three prior felony proceedings.

## Discussion

### I. Sufficiency of the Evidence

Defendant's first point on appeal challenges the sufficiency of the evidence to sustain his second degree burglary conviction. Defendant argues that because the jury did not convict him of the underlying stealing charge, the State failed to prove beyond a reasonable doubt that Defendant entered the Arsenal residence for the purpose of committing the crime of stealing. Defendant further argues that the circumstantial evidence was insufficient because he was not found in possession of any burglary tools or bags for carrying items,

---

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

and that the officers testified he left the Arsenal residence empty handed.

### A. Sufficiency of the Evidence Standard of Review

Appellate review of a challenge to the sufficiency of the evidence supporting a criminal conviction is limited to a determination of whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. *State v. Wurtzberger,* 265 S.W.3d 329, 335 (Mo. App. E.D.2008) (citing *State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc 1993)). In applying this standard of review, we accept as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.* We do not act as a "super juror" with veto powers over the conviction, but rather give great deference to the trier of fact. *State v. Jones,* 296 S.W.3d 506, 509–10 (Mo.App. E.D.2009).

### B. Discussion

A person is guilty of second-degree burglary when "he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Section 569.170. Here, the jury instructions required the jury to find beyond a reasonable doubt that the Defendant knowingly entered the Arsenal residence "for the purpose of committing the crime of stealing."

█ Defendant first argues that his acquittal for stealing mandates a reversal of his burglary conviction. However, " . . . second-degree burglary and stealing involve different elements and that neither of these crimes is dependent on the other." *State v. Haslar,* 887 S.W.2d 610, 614 (Mo. App. W.D.1994). Stealing requires proof of a defendant's appropriation of the property or services of another with the purpose to deprive him or her thereof. Section 570.030. Burglary requires only proof that the defendant entered a building or inhabitable structure for the purpose of committing a crime, in this case stealing. Section 569.170. We find defendant's argument fatally flawed because "[c]onsummation of the intended crime of stealing 'is not essential to establishing that the intruder entered the building with the necessary intent to sustain the burglary charge.'" *Haslar,* 887 S.W.2d at 614. In that respect, stealing necessarily involves an element not required for a conviction of burglary. *Id.* Thus, the jury's verdicts on the counts of stealing and burglary are not necessarily inconsistent. Moreover, the record before us demonstrates that a jury reasonably could have found that Defendant entered the residence for the purpose of stealing without finding that all the elements for stealing were satisfied.

█ Second, Defendant argues the absence of sufficient evidence required to prove his intent to steal. The intent to commit a crime is an essential element of burglary. *State v. Haslar,* 887 S.W.2d at 615. It is this element of criminal intent that separates burglary in the second degree from its lesser-included offense of trespass in the first degree. *State v. Yacub,* 976 S.W.2d 452, 453 (Mo. banc 1998); *see also, State v. Christian,* 184 S.W.3d 597, 603–604 (Mo.App. E.D.2006). To support the defendant's conviction of burglary, the State must establish this essential element of intent beyond a reasonable doubt. *State v. Asberry,* 559 S.W.2d 764, 767 (Mo. App.1977). However, it is well settled in Missouri that intent to steal may be shown by unlawful entry into a building containing items of value. *Haslar,* 887 S.W.2d at 614 (Mo.App. W.D.1994); *see also State v. Patterson,* 741 S.W.2d 298, 299 (Mo.App.

S.D.1987) (finding that defendant's presence at the crime scene and his flight therefrom was a relevant circumstance on the issue of his intent to commit a crime). While Defendant disputes that he was present at the Arsenal residence, the responding police officers testified at trial that they responded to a dispatch of a burglary in progress, saw pry marks on door of the residence and found Defendant inside the Arsenal residence going through desk drawers. The officers also testified that Defendant fled from the residence when he was approached by the police officers and told he was under arrest. The record further shows that Defendant made statements indicating his intent to steal. When questioned by police about the property taken from the Arsenal residence Defendant stated that "you didn't try to catch those other motherf——s. What, do you think I stole all this stuff by myself?" Thus, when drawing all reasonable inferences in the light most favorable to the jury's verdict and disregarding all contrary evidence and inferences, a jury reasonably could find that Defendant entered the Arsenal residence with the intent to steal. Defendant's first point on appeal is denied.

## II. Prior and Persistent Offender Status

For sake of clarity, this court first addresses Defendant's third point on appeal and will then address his second point. In his third point on appeal, Defendant argues that the trial court erred in finding that he was a prior and persistent offender. Defendant specifically argues an absence of evidence at trial showing that his three prior felony convictions were for offenses committed at different times or that counsel represented Defendant at the prior proceedings.

### A. Plain Error Standard of Review

Defendant concedes that his third point was not properly preserved because he did not object to the trial court's finding that he was a prior and persistent offender at any time preceding his appeal. If a point is not properly preserved, plain error review is discretionary where a manifest injustice or miscarriage of justice has resulted. Rule 30.20 [3]; *State v. Tisius*, 92 S.W.3d 751, 767 (Mo. banc 2002). If it appears that the trial court improperly sentenced the defendant as a prior and persistent offender, plain-error review is appropriate. *State v. Nesbitt*, 299 S.W.3d 26, 28 (Mo.App. E.D.2009). We will review Point III for plain error.

### B. Discussion

■ Missouri defines a "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2. A "persistent offender" is defined as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. The State must plead all essential facts in the information or indictment, and these facts must be established and found to warrant a finding that the defendant is a prior or persistent offender. Section 558.021.

At trial, Defendant admitted that he had three prior convictions, one for sale of a controlled substance on November 12, 1992, and two for possession of a controlled substance on February 21, 2001, and May 6, 2005. Before the case was submitted to the jury the trial court found that "[b]ased on the testimony of the defendant, the Court finds beyond a reasonable doubt that the defendant is a prior and persistent offender, having previously pleaded guilty to felonies occurring at different times from each other and from the offenses for which the defendant is cur-

---

**3.** Unless otherwise noted, all further rule references are to Mo. R.Crim. Pro.2009.

rently on trial." In *State v. Johnson*, this court found that when a defendant admits on the record that he committed previous felony crimes, the State is relieved of the "burden of proving all of the matters that ordinarily would be required to establish prior convictions." 237 S.W.3d 277, 284 (Mo.App. E.D.2007); *see also Meeks v. State*, 876 S.W.2d 755, 757 (Mo.App. E.D. 1994) (finding that Defendant's admission on the record to three prior convictions at three different times was sufficient to support his conviction as a Class X offender). Here, Defendant's own admissions on the record provided a sufficient basis to establish Defendant's status as a prior and persistent offender. The trial court did not err in finding Defendant to be a prior and persistent offender. Defendant's third point is denied.

### C. Clerical Mistake—Prior and Persistent Drug Offender

In his second point on appeal, Defendant states that the trial court erred by entering written sentence and judgment reflecting that he was a prior and persistent *drug* offender. At sentencing, the trial court orally sentenced Defendant as a prior and persistent offender under Section 558.021. The persistent drug offender status was not discussed. The written sentence and judgment, however, reflects that Defendant was both a prior and persistent offender and a prior and persistent *drug* offender. Respondent concedes this point on appeal.

The trial court may correct clerical mistakes in the judgment that result from oversight or omission. Rule 29.12(c); *State v. Carroll* 207 S.W.3d 140, 142 (Mo. App. E.D.2006). A mistake in a judgment and sentence form involving the marking of boxes designated for memorializing a finding of a defendant's prior and persistent offender status is considered a clerical mistake. *Id.* Such a mistake can be cor-

rected by a *nunc pro tunc* order, so long as the record clearly reflects the trial court's intention that Defendant be sentenced as a prior and persistent offender. *Id.* Here, a *nunc pro tunc* correction is proper since the written judgment and sentence indicating Defendant to be a prior and persistent *drug* offender does not correctly reflect the trial court's oral pronouncement of sentence. Defendant's second point on appeal is granted.

### Conclusion

The judgment of conviction and sentence is affirmed. This cause is remanded with instructions to correct the clerical mistake on the written judgment and sentence regarding Defendant's status as a prior and persistent offender.

GEORGE W. DRAPER III and GARY M. GAERTNER, JR., JJ., Concur.