**STATE of Missouri, Respondent,**

v.

**Eugene McALLISTER III, Appellant.**

**No. ED 98427.**

Missouri Court of Appeals, Eastern District, Division Five.

May 28, 2013.

Margaret M. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Todd T. Smith, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Eugene McAllister III ("McAllister") appeals from a judgment entered upon a jury's verdict convicting him of two counts of assault of a law enforcement officer and armed criminal action ("ACA"), and one count of unlawful use of a weapon. On appeal he asserts there was insufficient evidence to support the convictions of one count of assault of a law enforcement offi-cer and one count of armed criminal action. We affirm.

## I. BACKGROUND

McAllister was charged with two counts of first-degree assault of a law enforcement officer, two corresponding counts of ACA, and one count of felony unlawful use of a weapon for discharging a firearm from a motor vehicle. The evidence at the 2012 jury trial showed the following, viewed in a light most favorable to the verdict.[1]

On January 26, 2011, St. Louis police officer Eddie Boyd attempted to pull over a gray Dodge Stratus ("the Dodge Stratus") for a traffic violation. The Dodge Stratus sped away on the wrong side of the road. Officers Joseph Percich and Derik Jackson were dispatched to assist with the ensuing vehicle pursuit. The officers were pursuing the Dodge Stratus on highway 270 about two to three car lengths behind, when it took a ramp from 270 to highway 170. As the officers proceeded along the ramp behind the Dodge Stratus, the passengers in left rear and right rear seats raised themselves out of the side rear windows and pointed handguns at the officers' vehicle. At trial, Officer Percich identified McAllister as the individual on the rear driver's side, holding a dark-colored revolver. Officer Percich testified he tried to slow down and pull to the right, but noted "just being on ramp, there [was] no where to go. There [was] really no evasive action you [could] take to avoid it."

Officer Percich testified he distinctly saw McAllister fire one round from the revolver at the police vehicle. He saw the recoil from the weapon and heard a shot. He stated, however, that it was possible McAllister fired more rounds if they were fired in rapid succession. Likewise, Offi-

---

1. *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005) (per curiam).

cer Jackson testified he distinctly heard one shot fired at the police vehicle, but recognized there could have been multiple shots fired in rapid succession.

Eventually, the Dodge Stratus came to a stop. Officers Percich and Boyle both testified that as they approached the Dodge Stratus, they observed McAllister in the backseat with the grip of a handgun visible between his legs. After McAllister was arrested, the gun, identified as a Smith & Wesson revolver, remained on the seat where McAllister had been seated. The revolver contained five empty cartridges.

The jury found McAllister guilty on all five counts. The court sentenced him to twenty years on each of the counts of assault of a law enforcement officer and ACA, and fifteen years for the count of unlawful use of a weapon, to be served concurrently. This appeal follows.

## II. DISCUSSION

In his sole point on appeal, McAllister argues that the trial court erred in entering judgment upon the jury's verdict, because there was insufficient evidence to support his conviction for felony assault of Officer Jackson and the associated ACA charge. McAllister does not challenge the sufficiency of the evidence supporting his conviction for assault on Officer Percich, the driver of the police vehicle. He argues, however, the evidence did not show he had the specific intent to kill or to cause serious injury to the passenger, Officer Jackson. He contends the evidence shows that his position while firing indicated he was not aiming at Officer Jackson, and that he fired the weapon only once. McAllister's claim is without merit.

### A. Standard of Review

We review challenges to sufficiency of the evidence supporting a criminal conviction for whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt of all the essential elements of the crime. *State v. Gibbs,* 306 S.W.3d 178, 181 (Mo.App. E.D. 2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. *Id.*

### B. Sufficient Evidence Supported the Judgment

A person commits the class A felony of assault of a law enforcement officer in the first degree when such person "attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Section 565.081, RSMo (Cum.Supp.2012). Accordingly, a person also commits the felony of armed criminal action when such person commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. Section 571.015.1, RSMo (2000).

A defendant will be found guilty of first-degree assault of a law enforcement officer when, with the purpose of committing that offense of attempting to kill or cause serious physical injury, he takes a substantial step toward committing it. *State v. Whalen,* 49 S.W.3d 181, 186 (Mo. banc 2001). Substantial step is defined as "conduct [that] is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *State v. Williams,* 126 S.W.3d 377, 381 (Mo. banc 2004) (citation omitted). To act with purpose is to have a conscious object to engage in certain conduct or to cause a certain result. *Bryant v. State,* 316 S.W.3d 503, 509 (Mo.App. E.D.2010). Accordingly, a conviction for assault on a law enforcement officer requires proof of specific intent to kill or to cause serious

physical injury. *Id.* Mere speculation as to a defendant's intent without more is not enough. *See State v. Keeler,* 856 S.W.2d 928, 931 (Mo.App. S.D.1993).

Specific intent is generally shown through circumstantial evidence. *State v. Mann,* 129 S.W.3d 462, 467 (Mo.App. S.D. 2004). Intent may be inferred from surrounding facts, such as the type of weapon used, the manner and circumstances under which it was used, and other relevant factors. *State v. Burse,* 231 S.W.3d 247, 252 (Mo.App. E.D.2007).

Here, during the chase, McAllister fired the revolver from the left side of Dodge Stratus at the police vehicle on the ramp between 270 and 170. He concedes on appeal it was reasonable to infer that his shot endangered the driver, Officer Percich. Officer Percich testified he tried to move the police vehicle out of the way of the shot, but, because they were on a ramp, there was nowhere to go. These facts give rise to a reasonable inference that McAllister took a substantial step towards inflicting serious injury on both officers. Even if, as he contends, McAllister fired only one shot, he was aware he was firing at the driver of a vehicle carrying two people. Evidence of a single gunshot can support multiple convictions for assault if the shooter was aware of multiple targets. *See Whalen,* 49 S.W.3d at 187; *cf. State v. Stewart,* 859 S.W.2d 913, 914, 920 (Mo.App. E.D.1993) (affirming conviction for felony assault on passenger of car who was injured when vehicle crashed after driver was fatally shot). Common sense dictates that firing a bullet at the driver of a vehicle on a highway creates a high likelihood that both people inside the vehicle will be injured or killed. That the events took place on a ramp where they could not evade the path of the bullet increases this likelihood even further.

Moreover, although McAllister contends the evidence showed he only fired the weapon once, the transcript does not unequivocally support his contention. Both Officers Percich and Jackson testified they definitely heard one shot, but recognized McAllister could have fired multiple shots in rapid succession. Further, when the weapon was recovered, it contained five empty cartridges. We view the evidence and inferences therefrom in a light most favorable to the verdict. *State v. Beam,* 334 S.W.3d 699, 707 (Mo.App. E.D. 2011). The jury could have inferred from the testimony and physical evidence that McAllister fired multiple shots, and we defer to the jury's superior position to assess the credibility of witnesses and the weight and value of their testimony. *See State v. Fleis,* 319 S.W.3d 504, 508 (Mo. App. E.D.2010). Intentionally discharging a weapon in the proximity of a police officer is illustrative of a decision to take a substantial step toward injuring the law enforcement officer. *Burse,* 231 S.W.3d at 252. Evidence of multiple shots fired in the proximity of a police officer could allow a reasonable juror to find McAllister guilty beyond a reasonable doubt of all the essential elements of the crime. *See Gibbs,* 306 S.W.3d at 181; *see also* Section 565.081.

The State's evidence was sufficient to support both convictions of assault of a law enforcement officer and ACA, and the trial court did not err in entering judgment upon the jury's verdict.

## III. CONCLUSION

The judgment of the trial court is affirmed.

GARY M. GAERTNER, JR., C.J. and ROY L. RICHTER, J., concur.