

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED101883 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1222-CR03690-01 |
| | ) | |
| ROBERT J. WILLEY, | ) | Honorable Mark H. Neill |
| | ) | |
| Appellant. | ) | FILED: December 22, 2015 |

### Introduction

Robert J. Willey (Appellant) appeals from a sentence and judgment of conviction for robbery in the first degree and burglary in the first degree. He argues there was insufficient evidence supporting his conviction for the burglary charge. We affirm.

### Background

The State charged Appellant as a prior and persistent offender with robbery in the first degree and burglary in the first degree. Appellant waived his right to a jury trial. The evidence adduced at a trial, viewed in a light most favorable to the verdict,[1] showed the following, as relevant to the issue on appeal.

Sean Jones (Victim) was at home on the evening of June 27, 2012 with a friend, Robert Clark (Clark), when they heard a loud knocking on the door. Victim was reluctant to answer the

---

[1] State v. Miller, 372 S.W.3d 455, 463 (Mo. banc 2012).

door because he was not expecting anyone, but when the knocking continued, he went to the door. The person at the door announced himself as Appellant—who Victim had met a few days before when he had purchased drugs from and done drugs with Appellant—and stated he wanted to talk. Victim started to open the door when Appellant, who was wearing a hat and a bandana over his face and holding a gun, pushed his way inside and stuck the gun into Victim's ribs. Victim ran into his bedroom in fear, and when he emerged from his bedroom, he saw Appellant leaving the apartment with Victim's guitar and laptop computer (laptop). Victim had not given Appellant permission to enter the apartment or to take the items, and Victim denied owing Appellant money for drugs, saying he had recently received a disability settlement and had plenty of cash with which he had paid for his then-drug habit. The gun was in reality a pellet gun, but Victim did not realize that at the time and thought it was a "real" gun.

Appellant testified in his defense that he went to Victim's apartment on June 27 to pick up some things he had left there, including a pellet gun. Victim opened the door and let Appellant in, and Appellant did not threaten Victim or Clark with the pellet gun. Victim asked Appellant for some heroin. Victim said he did not have money to pay for the drugs and offered his guitar and laptop instead. Appellant took the guitar and laptop and gave Victim fake heroin. Appellant agreed on cross-examination that although the gun was a 6-millimeter pellet gun, it looked like a 9-millimeter handgun.

After the bench trial, Appellant filed a motion for judgment of acquittal at the close of all the evidence, which the trial court denied. The trial court found Appellant guilty on both counts and sentenced him to concurrent 15-year terms of imprisonment in the Department of Corrections on each count. This appeal follows.

2

## Standard of Review

We review challenges to the sufficiency of the evidence supporting a criminal conviction by determining whether the State presented sufficient evidence at trial from which the trial court might have found the defendant guilty beyond a reasonable doubt of all the essential elements of the crime. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010); see also State v. Cassel, 419 S.W.3d 867, 868 (Mo. App. S.D. 2013) (same standard of review for court- and jury-tried cases). We accept as true all evidence supporting the trial court's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. Gibbs, 306 S.W.3d at 181. We do not act as a super juror but will defer to the trier of fact. State v. Nash, 339 S.W.3d 500, 509 (Mo. banc 2011).

## Discussion

In his sole point on appeal, Appellant claims the trial court erred in overruling his motion for judgment of acquittal on the count of burglary in the first degree, because the State failed to prove beyond a reasonable doubt that Appellant knowingly and unlawfully entered Victim's apartment. We disagree.

Section 565.160.1, RSMo. (2000) provides in relevant part that a person commits burglary in the first degree when he "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein," and there is present in the building another person who is not a participant in the crime. "An unlawful entry occurs when a person enters without the license or privilege to do so." State v. Whitley, 408 S.W.3d 305, 309 (Mo. App. E.D. 2013) (citation omitted). When a person has consent from a resident to enter the home, he is not guilty of burglary. See State v. McGinnis, 317 S.W.3d 685, 687 (Mo. App. W.D. 2010).

3

Appellant here argues that because Victim opened the door, Victim was giving him permission to enter. However, the facts in full show that Victim testified: "[Appellant] kind of pushed the door open as soon as I started opening it." Similarly, Clark testified: "[Victim] got up to answer [the door]. He had cracked the door to see what [Appellant] ... needed, and it was [Appellant who] pushed his way in and basically robbed us." Contrary to Appellant's arguments, Victim did not "let in" Appellant. Rather, the evidence, viewed in a light most favorable to the verdict, showed that once Victim started to open the door, Appellant forced his way in. Further, regardless of whether Victim started to open the door, when a person gains entry to a home through deception, that is an unlawful entry. Id. (where consent to enter is obtained through deception or artifice, entry is considered unlawful); State v. Thomas, 70 S.W.3d 496, 509 (Mo. App. E.D. 2002) (sufficient evidence supported element of unlawful entry when defendant gained entry through artifice: i.e., on premise he needed to use victim's telephone when using telephone was not his intention). Here, Appellant told Victim he wanted to talk, but this was not true. Based on Appellant's actions in disguising his face and brandishing what appeared to be a weapon, he wanted entry not to "talk" to Victim but to steal items of value.

The evidence here was sufficient to establish that Appellant knew he did not have permission to enter Victim's home. The State thus proved the element of unlawful entry beyond a reasonable doubt, and the trial court did not err in entering judgment against Appellant on the charge of burglary in the first degree. Point denied.

4

## Conclusion

The judgment of the trial court is affirmed.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

5