

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38395 |
| | ) | |
| v. | ) | Filed: October 17, 2024 |
| | ) | |
| AUGUSTE H. ROHDE, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Judge

**AFFIRMED**

Auguste H. Rohde challenges his conviction for possessing a forging instrumentality in one point relied on. Finding no merit to Rohde's point, we affirm the trial court's judgment of conviction.

### Facts and Procedural History

In 2017, Rohde was on bond for a previous charge. One of the conditions of his bond was for Rohde to submit to drug tests as requested. During a scheduled court appearance, the trial court ordered Rohde to submit a urine sample for testing. An officer escorted Rohde to a holding cell and stood behind Rohde as he urinated into a cup. The urine sample tested positive for

methamphetamines.  Rohde was accordingly arrested.  During a search incident to arrest, in Rohde's right pants pocket, the officer found an opaque plastic bottle almost full of yellow liquid, with a cap and a squeeze mechanism.  There was a hole at the top of the bottle to allow the liquid to be squeezed out, and the liquid was found to be the same temperature as Rohde's body.  Rohde was charged with possessing a forging instrumentality.

The officer's credited testimony was that most attempts to cheat or forge urine tests involve the use of a plastic opaque squeeze bottle.  Sometimes the person taking the test would stick the squeeze bottle with the warmed yellow liquid "out the quick draw part of the fly" to mimic urination.  Because the officer kept a direct line of sight while Rohde was urinating, Rohde could not reach into his pocket to access the bottle without being seen (and Rohde therefore did not retrieve the squeeze bottle).  Following a jury trial, Rohde was found guilty as charged.  This appeal followed.

In one point on appeal, Rohde challenges his conviction for possession of a forging instrumentality, arguing the evidence was insufficient to demonstrate he had the purpose of committing a forgery.

## Standard of Review

Appellate review of a challenge to the sufficiency of the evidence supporting a criminal conviction is limited to a determination of whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt.  *State v. Gibbs*, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010).  Appellate courts accept as true all of the evidence favorable to the State, including

2

all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id*.

## Analysis

Rohde challenges his conviction for possession of a forging instrumentality, arguing the evidence was insufficient to demonstrate he had the purpose of committing a forgery. Section 570.100.1[1] sets out the elements of the crime of which Rohde was convicted, and directs:

> A person commits the offense of possession of a forging instrumentality if, with the purpose of committing forgery, he or she makes, causes to be made or possesses any plate, mold, instrument or device for making or altering any writing or anything other than a writing.

"The State may prove its case by presenting direct or circumstantial evidence. Upon appellate review, circumstantial evidence is given the same weight as direct evidence and the fact finder may make reasonable inferences from the evidence presented." *State v. Roy*, 597 S.W.3d 710, 730 (Mo. App. S.D. 2020) (internal citation omitted).[2]

---

[1] All statutory citations are to RSMo Cum. Supp. (2017) unless otherwise indicated. In *State v. Smothers*, 297 S.W.3d 626 (Mo. App. W.D. 2009), our Western District held that a urine sample can form the basis of a forgery charge. *Id*. at 629. There, the Court clarified the governing statute is "broad enough to cover any inauthentic item, provided that the statute's other elements are also met." *Id*. at 635. *Smothers* dealt with section 570.090.1(4) RSMo Cum. Supp. (2002), the prior version of 570.100.1—both parties to this appeal agree *Smothers* is nevertheless applicable to the instant matter.

[2] As our Courts have indicated:

> Circumstantial evidence . . . is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities.

*Roy*, 597 S.W.3d at 730 n.28 (quoting *Holland v. U.S.*, 348 U.S. 121, 139-40, (1954)).

Here, from the evidence, the jury could find Rohde knew he was to submit to drug testing as a condition of his bond, and knew he was to attend a scheduled court hearing where he would likely be drug tested.  The jury could also find Rohde knew he would test positive for methamphetamine if he completed the test properly, and that his purpose in bringing the squeeze bottle device to the court hearing was to subvert the results of that drug test.  The evidence also warranted the jury's finding that Rohde did not use the squeeze bottle device because the officer was standing in close proximity to Rohde and observing him closely while the urine was being obtained, and would have detected Rohde's use of the device. While the jury was not *required* to reach these conclusions, it evidently did, and the evidence permitted it to do so.  *See **Roy***, 597 S.W.3d at 730.  The evidence and its *reasonable available inferences* warrant the jury's finding that Rohde had the purpose of committing a forgery.  *See **id**.*  Rohde's point is denied.

## Conclusion

The trial court's judgment of conviction is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS