STATE of Missouri, Respondent,

v.

Robert W. FLEIS, Appellant.

No. ED 93410.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 24, 2010.

Alexa I. Pearson, Office of the Missouri Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Terrence M. Messonnier, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Robert Fleis (Fleis) appeals the judgment and sentence following his conviction of attempted enticement of a child. Fleis argues the evidence was insufficient to support his conviction because the State did not prove Fleis believed the person with whom he was internet "chatting" was fourteen years old or that he took any actions constituting a substantial step toward the commission of the crime. Viewing the evidence in the light most favorable to the verdict, we find the State presented sufficient evidence supporting each of these statutory elements. Because a reasonable juror could have found beyond a reasonable doubt that Fleis was guilty of attempted enticement of a child, we affirm the trial court's judgment.

Because this appeal attacks the sufficiency of the evidence to support Fleis's conviction, the focus of our review is whether sufficient evidence was presented at trial from which a reasonable trier of fact could find Fleis guilty beyond a reasonable doubt. *State v. Hopson,* 168 S.W.3d 557, 561 (Mo.App. E.D.2005). "Substantial or sufficient evidence is that from which the trier of fact could reasonably find the issue in conformity with the verdict." *State v. Paulson,* 220 S.W.3d 828, 832 (Mo.App. S.D.2007). In applying this standard, we must consider as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.*; *Flemons,* 144 S.W.3d 877, 884 (Mo.App. W.D.2004). To support a conviction, we must find sufficient evidence to support each element of the offense. *State v. Jordan,* 181 S.W.3d 588, 592 (Mo.App. E.D. 2005).

### Background

Viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the trial court's judgment and disregarding all contrary evidence and inferences, the following evidence was adduced at trial. *See State v. Osborn,* 318 S.W.3d 703, 705–06 (Mo.App. S.D.2010).

On July 10, 2006, Officer Erica Stough (Officer Stough) of the Maryland Heights Police Department entered a St. Louis "chat room," posing as a fourteen-year-old girl using the screen name "daisyforyoul992," and listing her name as "Kayla T." Officer Stough, posing as "Kayla," was inactive in the chat room until she was contacted by Fleis who was using the screen name, "soccerstud21—99." Fleis

and "Kayla" then began a text conversation over the internet in the chat room. Within two minutes of the start of the conversation, "Kayla" told Fleis that she was fourteen years old. Fleis later told "Kayla" he was double her age. The conversation turned sexual in nature, with Fleis describing a number of sexual scenarios to "Kayla." The two discussed meeting a number of times, but made no specific plans during their first conversation. Fleis ended the first conversation indicating that he would love to talk to "Kayla" again.

The next day, Officer Stough again signed onto the chat room as "Kayla," where Fleis again initiated contact. The conversation turned sexual and Fleis said they should "meet somewhere and I can drive us somewhere private where no one will see us." The two agreed to meet at a school near "Kayla's" home.

Officer Stough went to the school as agreed, accompanied by other members of the police force. Fleis arrived at the school and called out "Kayla," several times. At that point the police officers accompanying Officer Stough arrested Fleis.

Fleis was charged with one count of attempted enticement of a child, in violation of Section 566.151, RSMo.2000.[1] Following a jury trial, Fleis was found guilty of the charge and was sentenced to six years of imprisonment.

Fleis filed his Notice of Appeal with this Court on June 16, 2009. This appeal follows.

In his sole point on appeal, Fleis alleges the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that he engaged in any action with the purpose of enticing a child. Only one argument is set forth in Fleis's "Point Relied On," although Fleis presents two arguments in his brief. In his "Point Relied On," Fleis asserts that the State failed to prove he believed the person with whom he was having internet chats was actually fourteen years old. The focus of Fleis's "Point Relied Upon" is the statutory age requirement to prove enticement of a child. However, in the body of his brief, Fleis also alleges that the State failed to prove his actions constituted a substantial step toward the commission of the crime, and more specifically argues that his conduct in showing up at an arranged meeting place did not constitute a substantial step toward the enticement of a child. Although Fleis fails to meet the requirements of Rule 84.04 with regard to his second argument, we review the argument *ex gratia.*

**1. The State presented sufficient evidence from which a reasonable juror could find that Fleis believed "Kayla" to be fourteen years old.**

■ A person commits the crime of enticement of a child if that person, being twenty-one years of age or older, "persuades, solicits, coaxes, entices, or lures whether by words, actions or through communication via the Internet or any electronic communication, any person who is less than fifteen years of age for the purpose of engaging in sexual contact." Section 566.151.

In his first argument, Fleis claims that the State failed to prove each element of the crime as he claims the State did not present sufficient evidence that he believed the person with whom he was chatting was actually less than fifteen years old. We disagree and find that sufficient evidence exists in the record from which a reason-

---

1. All further statutory references are to RSMo (2000), unless otherwise indicated.

able juror could find that Fleis believed "Kayla" was fourteen years old.

The submitted verdict director for attempted enticement of a child required the State to prove the following beyond a reasonable doubt:

First, that between July 10, 2006 and July 11, 2006, in the County of St. Louis, State of Missouri, the defendant communicated with Officer Stough, via the internet, suggesting that she meet with him to engage in sexual conduct, and the defendant believed that Officer Stough was a 14 year old child, and

Second, that such conduct was a substantial step toward the commission of the offense of enticement of a child by attempting to entice a person less than fifteen years of age to engage in sexual conduct, and

Third, that defendant engaged in such conduct for the purpose of committing such enticement of a child, and

Fourth, that the defendant was twenty-one years of age or older.

The State must prove each and every element of its case beyond a reasonable doubt. *State v. Sears,* 298 S.W.3d 561, 564 (Mo.App. E.D.2009). One of the elements which the verdict director required was that Fleis actually believed that the child involved was under the age of fifteen.[2] *See Osborn,* 318 S.W.3d at 711–12. Fleis argues that the State failed to prove beyond a reasonable doubt that he believed "Kayla" was less than fifteen years old. While "it is difficult to acquire direct evidence of the requisite state-of-mind of a defendant, it is permissible to infer a de-

fendant's knowledge of the age of a victim from indirect and circumstantial evidence." *Id.*

The evidence in this case, viewed in the light most favorable to the verdict is sufficient such that a reasonable juror could find Fleis believed "Kayla" to be fourteen years old. First, age was specifically discussed within the first two minutes of their conversation, when "Kayla" expressly told Fleis she was fourteen years old. Later, when asked his age, Fleis admitted he was "double your age," and confirmed he was 28 years old.

In addition to "Kayla" stating her age during the internet chats, a number of other indicators throughout the conversations provide evidence from which a reasonable juror could infer that Fleis believed "Kayla" was fourteen years old. "Kayla" referenced living with her mother and brother a number of times, an indication that she was a young girl still living at home with her family. For instance, when Fleis asked if "Kayla" had a photo, she responded that she did not because her computer got a virus and her "mom got it cleaned up" and she "just got it back." When Fleis asked "Kayla" if she was a "thong wearer," "Kayla" responded that her "mom won't let me buy them." During the conversations, "Kayla" also said that she was home with her twin brother. When Fleis asked if he could have "Kayla's" phone number, "Kayla" responded that her cell phone was taken away from her for talking too much. Furthermore, Fleis acknowledged "Kayla's" young age and relationship with her mother when

---

**2.** In *Osborn,* the court noted that while Section 566.151.1 "does not contain a requirement that a defendant know that his victim is under the age of fifteen," the approved jury instruction pertinent to this charge, MAI 320.37, provides that, "to be found guilty a defendant must have (1) known or been aware that the victim was under fifteen, or (2) intended to pursue sexual conduct with a person under fifteen." 318 S.W.3d at 713–14. Neither in *Osborn,* nor here, did the State argue that the instruction inaccurately reflects the elements of the offense.

"Kayla" indicated she did not have any heels, and Fleis asked "does your mom have any you can wear?" "Kayla" responded that her mother's shoes were "to[o] big." When discussing meeting up, Fleis also asked "where can you walk to," indicating his understanding that "Kayla" was too young to drive. These statements by "Kayla" regarding living at home with her mother and brother, as well as Fleis's acknowledgment of her young age, could lead a reasonable juror to infer that Fleis believed "Kayla" to be fourteen years old.

"Kayla" also demonstrated naivety with regard to several sexual topics during the internet chats, also evidence from which a reasonable juror could determine that Fleis believed "Kayla" was fourteen years old. "Kayla" responded "what do [you mean]" when Fleis asked her "are you shaved or trimmed." When Fleis asked "Kayla" if she ever masturbated, she responded that "i dont know what to do really." After Fleis described different sexual acts to her, "Kayla" asked "would it hurt me," "[never] had it dun," "nothin will hurt . . . will it," and "i dont kno wi never dun it." These responses could lead a reasonable juror to infer that Fleis believed "Kayla" was young and inexperienced.

"Kayla" also indicated hesitation and stated that she was scared and nervous when talking about adult sexual topics with Fleis. A reasonable juror also could have considered this evidence when determining whether Fleis believed "Kayla" was fourteen years old. When Fleis instructed "Kayla" to masturbate, she responded "oh i dont know," "im scared," "no im nerves," "i dont think i want to do it im nerves," and "no dont want to not now." "Kayla" also responded "i dont know" when Fleis asked if she wanted to close her door and talk more. When discussing kissing, "Kayla" indicated that she would be nervous if she kissed Fleis and that she never kissed anyone older. Fleis then indicated that he had never kissed anyone "Kayla's" age either.

Fleis's argument that he did not believe "Kayla" was actually fourteen years old is testimony that the jury could reasonably reject in light of the other testimony, which the jury clearly found credible. We must defer to the jury's superior position to assess the credibility of witnesses and the weight and value of their testimony. *See Sears*, 298 S.W.3d at 565. While Fleis may have produced occasional evidence to contradict Officer Stough's testimony, on appeal our standard of review limits this Court to a review of the facts most favorable to the verdict, disregarding all contradictory evidence and inferences. Given this standard, and viewing the evidence in this light, we find sufficient evidence was presented from which a reasonable juror could have found Fleis believed the person with whom he was chatting was fourteen years old.

## 2. The State presented sufficient evidence from which a reasonable juror could find that Fleis took a substantial step toward the commission of the crime of attempted enticement of a child.

In his second argument, Fleis alleges the State failed to produce sufficient evidence to establish that he took a substantial step toward the commission of the crime of enticement of a child. Though Fleis admits the verdict director did not require the jury to find him guilty based upon anything other than statements made in the internet chats, Fleis alleges that showing up at the arranged meeting time and place was not sufficient evidence to show he acted with the purpose to attempt to entice a child. While Fleis is correct that an arranged meeting is not required

to prove a substantial step was taken toward the commission of the crime of attempted enticement of a child, we find that the sum of Fleis's actions were sufficient for a reasonable juror to find that he took the required substantial step toward commission of the offense.

Section 564.011, provides that a person is guilty of attempt to commit a crime when, "with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." The statute defines "substantial step" as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

Fleis appears to confuse the requirement of a substantial step to commit sexual acts with "Kayla" with the requirement of a substantial step to commit "enticement," which is the crime charged here. To convict Fleis of attempted enticement of a child only requires that the State prove Fleis took a "substantial step" toward *enticing* "Kayla" for the purpose of engaging in sexual conduct with her, not that he took a "substantial step" to actually engage in the sexual conduct. The only requirement for attempting to entice a child is that "defendant's purpose was to commit the underlying offense and that defendant took a substantial step toward its commission." *State v. Wadsworth*, 203 S.W.3d 825, 832–33 (Mo.App. S.D.2006).

Here, the State presented sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that Fleis's conduct, including both his communications with "Kayla" and his driving to meet her, was a substantial step toward committing the offense of enticing a person less than fifteen years old to meet him for the purposes of engaging in sexual conduct. During the conversations, Fleis discussed participating in a variety of sexual conduct with "Kayla." Fleis does not dispute that the nature of much of the communication was sexual or that he was the person "chatting" with "Kayla." Furthermore, during the internet chats with "Kayla," Fleis suggested the two meet a number of times, making statements such as, "too bad you are not alone today ... [because] I could come hang out [with] you," "I could drive up [there and] you could meet me somewhere," "what if i was there, would [ ] you feel differently," "wanna join me? ... in the shower silly," "where could you meet me at?," "we could [c]ome back to my place I have my own pool," "I was right in your neck of the woods today, I work off dorsett ... I wish I had a number I could have called [you] and stopped by," "want some company in your room? ... if I came over," "so do you want to see me?," "I could but we need to be alone, would you want to meet me somewhere and I can drive us somewhere private where no one will see us," "you want me to mee[t] you at your house or where, just give me the addy of where to meet you at," "where can you walk to," "where can we go to be alone where no one will see us, and where should I drop you back off at." The sexual communications, along with Fleis's communications about the two meeting, provide sufficient evidence from which a jury could find beyond a reasonable doubt that Fleis's purpose in communicating with "Kayla" was to entice her, believing her to be less than fifteen years old, to meet him for purposes of engaging in sexual conduct, and that this communication was a substantial step toward commission of the offense. *See Wadsworth*, 203 S.W.3d at 833–34 (court found that each of seven separate communications with the underage child where the defendant discussed sexual material and meeting provided sufficient evidence from which a juror could find that the defendant's purpose in the communication was to entice the child to meet him for

purposes of engaging in sexual conduct and that the communication was a substantial step toward commission of the offense).

While not required to support a conviction for attempted enticement of a child, here Fleis took his communications a step further and actually drove to meet "Kayla." In addition to chatting with "Kayla" over two days regarding engaging in sexual conduct with her and chatting about meeting her, Fleis took the "enticement" a step further and actually set up a specific meeting with "Kayla" and drove to the meeting place with the purpose of engaging in sexual contact with "Kayla." Again, while such an additional step is not required for a conviction, this extra step provides additional evidence from which a jury could find Fleis made a substantial step toward the commission of the crime.

We find that sufficient evidence exists on the record from which a reasonable juror could have found Fleis guilty beyond a reasonable doubt of attempted enticement of a child. The evidence showed that during the internet chats, Fleis's purpose in communicating with "Kayla" was to entice her, believing her to be less than fifteen years old, to meet him for purposes of engaging in sexual conduct, and that his conduct—including the communications and his driving to the arranged meeting place—was a substantial step toward commission of that offense. Fleis's point on appeal is denied.

### Conclusion

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J., and NANNETTE A. BAKER, J., Concur.