

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,      )

     )     *Opinion issued December 10, 2019*

           Respondent,     )

     )

v.      )     No. SC97658

     )

DUANE MICHAUD,      )

     )

           Appellant.     )

**APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY**
The Honorable Thomas E. Mountjoy, Judge

Following a jury trial, Duane Michaud (hereinafter, "Defendant") was convicted of attempted enticement of a child, section 566.151, RSMo Supp. 2006.[1] The circuit court sentenced Defendant to five years' imprisonment. Defendant appeals.

Defendant claims the circuit court erred in failing to submit his proffered instructions and in overruling his objection at trial. This Court finds there was no error. The circuit court's judgment is affirmed.

## Factual and Procedural Background

J.R. (hereinafter, "Victim") was born in February 1998. When Victim was fourteen years old, she lived with her older sister (hereinafter, "Sister") and brother-in-

---

[1] All statutory references are to RSMo Supp. 2006, unless otherwise indicated.

law (add "Brother-in-Law") in Springfield.  While Victim resided with Sister, Defendant also lived in the same house.  Victim had her own bedroom at Sister's home, and Defendant slept on a couch in the living room.

One evening, Victim and Defendant were watching television in the living room.  Defendant had been drinking.  Defendant told Victim his back hurt from sleeping on the couch.  Victim offered to let him sleep in her room while she slept on the couch.  Defendant stood and reached out his hand toward Victim; Victim took it and walked into to her room with Defendant.

After entering Victim's bedroom, Defendant laid on her bed and asked her to join him because he was lonely.  Defendant put his left arm and leg over Victim's body and started touching her neck and face, informing her to tell him when to stop.  Defendant moved his hand from her torso to the waistband of her pants.  When Defendant's hand crossed over her belly button, Victim nudged his hand away from her body.  Defendant attempted to put his fingers inside Victim's mouth, but she prevented it by pursing her lips closed.

Victim then left the house.  She called her boyfriend to tell him what happened.  When Victim returned to the house, the door was locked.  Victim started to walk away but her brother-in-law opened the door.  Upon seeing her crying, he asked what happened.  Rather than explain, Victim handed her cellular telephone to her brother-in-law and her boyfriend relayed what Victim told him.  After speaking with Sister the next morning, Sister took Victim to her in-laws' home.  Victim and Sister did not return until after Defendant left.

2

In 2013, Victim and her father argued about her current boyfriend, and in an attempt to deflect her father's anger, she told him Defendant raped her. Defendant's conduct was reported to the police.

When police questioned Defendant, he denied ever living at Sister and brother-in-law's home. Defendant then modified his response, indicating he may have stayed at the home on one or two occasions. Defendant stated Brother-in-Law confronted him about inappropriately touching Victim, but he denied any inappropriate touching occurred. Defendant also stated he did not remember anything about the specific night at issue.

Following all of the evidence at trial, a jury found Defendant guilty of attempted enticement of a child. After the penalty phase, the jury recommended a five-year sentence, which the circuit court imposed. Defendant appeals. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

**Proffered Jury Instructions**

Defendant raises two issues on appeal regarding how the jury was instructed. Defendant claims the circuit court erred in refusing to submit his verdict directing instruction "A" and his converse instruction "B" because the state's instructions did not require the jury to find he knew Victim was younger than fifteen years old. Defendant argues, by not requiring the jury to find he knew Victim was younger than fifteen years old, the state was relieved of its burden to prove all elements of the alleged crime.

"Instructional error requires reversal when the error is 'so prejudicial that it deprived the defendant of a fair trial.'" *State v. Sanders*, 522 S.W.3d 212, 215 (Mo. banc 2017) (quoting *State v. Nash*, 339 S.W.3d 500, 511-12 (Mo. banc 2011)); *see also State v.*

3

*Forrest*, 183 S.W.3d 218, 229 (Mo. banc 2006). The circuit court's rejection of proffered instructions may be affirmed if the circuit court was correct for any reason. *Sanders*, 522 S.W.3d at 215.

A person commits the crime of enticement of a child when "[a] person at least twenty-one years of age or older … persuades, solicits, coaxes, entices, or lures whether by words, actions or through communication via the Internet or any electronic communication, any person who is less than fifteen years of age for the purpose of engaging in sexual conduct." Section 566.151.1. The child enticement statute is subject to the general attempt statute. *State v. Rice*, 504 S.W.3d 198, 202 (Mo. App. W.D. 2016). The general attempt statute provides:

> A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, [the person] does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Section 564.011.1.[2] Accordingly, to convict Defendant of attempted enticement, the state needed to prove only: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." *State v. Ransburg*, 504 S.W.3d 721, 723 (Mo. banc 2016) (quoting *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999)); *see also Rice*, 504 S.W.3d at 202; *State v. Fleis*, 319 S.W.3d 504, 509 (Mo. App. E.D. 2010); *State v. Wadsworth*, 203 S.W.3d 825, 832-33 (Mo. App. S.D. 2006).

---

[2] Attempt currently is codified in section 562.012, RSMo 2016.

"Whenever there is an MAI-CR instruction or verdict form applicable under the law and Notes On Use, the MAI-CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). "MAI instructions are presumptively valid and, when applicable, must be given to the exclusion of other instructions." *Forrest*, 183 S.W.3d at 229. An individual "acts purposely" when it is the person's "conscious object to engage in that conduct or to cause that result." Section 562.016.2, RSMo 2000. "Every purposeful violation also is a knowing violation, but the opposite is not true." *Laut v. City of Arnold*, 491 S.W.3d 191, 203 (Mo. banc 2016) (Fischer, J., dissenting); *see also* section 562.021.4, RSMo 2000.

Defendant acknowledges the state's submitted instructions and verdict directors conformed to the applicable MAI. Yet, on appeal, Defendant challenges the circuit court's decision to reject his non-standard MAI verdict director and converse instruction because he believes the jury was not instructed properly about the culpable mental state regarding his knowledge of Victim's age.[3]

Defendant was charged with attempted enticement of a child. The state's MAI-conforming instructions required the jury to find Defendant engaged in conduct with the purpose of enticing a child and set forth the child enticement statutory elements.

---

[3] While "it is difficult to acquire direct evidence of the requisite state-of-mind of a defendant, it is permissible to infer a defendant's knowledge of the age of a victim from indirect and circumstantial evidence." *State v. Osborn*, 318 S.W.3d 703, 712 (Mo. App. S.D. 2010). The state presented evidence of Victim's age, including testimony demonstrating Defendant should have known Victim was younger than fifteen years old. Defendant never raised any issue regarding his knowledge or suggested that the state's representation of Victim's age was incorrect.

Defendant sought to add an additional separately numbered paragraph requiring the jury to find he knew Victim was younger than fifteen years old.

Defendant's additional language was superfluous. The jury was instructed in a prior paragraph it had to find Defendant purposefully attempted to commit enticement of a child, which includes the finding Victim was younger than fifteen years old. Because the jury was required to find Defendant purposefully attempted to commit enticement of a child who was younger than fifteen years old, it is axiomatic the jury found Defendant knew Victim was younger than fifteen years old. It was not necessary to require a jury to make the same finding twice.

The circuit court did not err in rejecting Defendant's modified non-MAI verdict director and converse instruction. *State v. Blurton*, 484 S.W.3d 758, 768-69 (Mo. banc 2016). The state's submission of instructions and verdict directors accurately stated the law. The circuit court's failure to submit Defendant's proffered instructions did not deprive Defendant of a fair trial.

### Cross-Examination Objection

Defendant avers the circuit court abused its discretion in sustaining the state's objection to Sister's cross-examination. Defendant sought to elicit testimony from Sister as to whether Victim had a tendency to exaggerate. Defendant believes the veracity of Victim's testimony was crucial in the jury's factual determination.

A circuit court "has broad discretion to admit or exclude evidence during a criminal trial …." *State v. Hartman*, 488 S.W.3d 53, 57 (Mo. banc 2016) (quoting *State*

6

*v. Hart*, 404 S.W.3d 232, 248 (Mo. banc 2013)).  The circuit court's decision will be reversed only when there is a clear abuse of discretion.  *Id*.

Defendant asserts this claim is preserved for review because the circuit court sustained the state's objection at trial and Defendant included it in his motion for new trial.  However, to preserve a claim of improperly excluded evidence, "the proponent must attempt to present the excluded evidence at trial, and if it remains excluded, make a sufficient offer of proof."  *State v. Hunt*, 451 S.W.3d 251, 263 (Mo. banc 2014).  "An offer of proof is required to demonstrate to the [circuit court] what the rejected evidence would show, educating the [circuit court] as to the admissibility of the proffered testimony, and allowing the [circuit court] to consider the testimony in context."  *State v. Hillman*, 417 S.W.3d 239, 244 n.3 (Mo. banc 2013).  "Offers of proof must show what the evidence will be, the purpose and object of the evidence, and each fact essential to establishing admissibility."  *Hunt*, 451 S.W.3d at 263.

Defendant did not preserve his claim for appellate review.  During his cross examination of Sister, Defendant's counsel sought to question her as to whether Victim had a tendency to exaggerate.  The state objected and stated it believed Sister was being asked to comment about the credibility of another witness.  The circuit court sustained the objection.  Defendant's counsel stated, "I have nothing further."

At no point during trial or in his motion for new trial did Defendant explain what Sister's testimony would have been.  Defendant failed to demonstrate the purpose of Sister's purported testimony or attempt to establish its admissibility.  Because Defendant

7

did not preserve his claim for appellate review adequately, this Court may only review his claim, if at all, for plain error.

Plain error review "requires a finding that manifest injustice or a miscarriage of justice has resulted from the trial court error." *State v. Perry*, 548 S.W.3d 292, 300 (Mo. banc 2018) (quoting *State v. Letica*, 356 S.W.3d 157, 167 (Mo. banc 2011)). "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), and Rule 30.20). "Plain error must be evident, obvious, and clear." *State v. Walter*, 479 S.W.3d 118, 131 (Mo. banc 2016). Defendant bears the burden of demonstrating a manifest injustice occurred. *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018).

Any witness who testifies at trial places his or her reputation for truthfulness at issue, and that witness may be impeached with evidence of his or her poor reputation for truthfulness and veracity. *State v. Bennish*, 479 S.W.3d 678, 682 (Mo. App. E.D. 2015). A person may testify as to another witness's reputation for truthfulness and veracity if it is demonstrated the person is familiar with "the general reputation of the witness in the neighborhood or among the people with whom the witness associates ...." *Id*. (alteration in original) (quoting *State v. Smith*, 314 S.W.3d 802, 810 (Mo. App. E.D. 2010). That person's personal opinion about a witness's truthfulness and veracity is immaterial and inadmissible. *Id*.

The circuit court committed no "evident, obvious, and clear error" by sustaining the state's objection. Defendant did not attempt to present any evidence Sister was familiar with Victim's reputation for truthfulness in the community. Further, any testimony from Sister regarding her personal opinion of Victim's character for truthfulness and veracity was inadmissible. Defendant failed to make an offer of proof, which could have detailed the exact nature of Sister's testimony and demonstrated any potential relevance or admissibility. Based on the record Defendant created and in the absence of an offer of proof, the circuit court's decision sustaining the state's objection was within its discretion.

## Conclusion

The circuit court's judgment is affirmed.

_____
GEORGE W. DRAPER III, JUDGE

All concur.

9